IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00174-MSK-BNB

LINDA JOYCE HOLBERT,

Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,
FIRST TRANSIT, INC., and
JOHN DOE,

Defendants.

_____

**ORDER**

_____

This matter arises on the following motions filed by the plaintiff:

1. **Motion Requesting to Amend the Complaint, Summon[s] and Civil Cover Sheet**

[Doc. #13] (the "First Motion");

2. **Motion Requesting the Submission of a Corrected Copy of Motion for Extension**

**of Time to Serve** [Doc. #15] (the "Second Motion"); and

3. **Corrected Copy of the Motion for Extension of Time to Serve** [Doc. #16] (the

"Third Motion").

In her First Motion, the plaintiff seeks to amend the Complaint, the Summons, and the

Civil Cover Sheet. The exact nature of the amendment is not clear. The plaintiff states that she

has been attempting to serve defendant First Transit, Inc., but has been unsuccessful in obtaining

a proper address for service. The plaintiff complains that she has been given inaccurate

information by defendant City of Colorado and others regarding the address and that she has

attempted service by mail and facsimile.  She further complains that "I feel that the treatment

that I received when I requested an address for First Transit, Inc. was abusive, misleading and a

waste of money that could and should not have been done."  *Motion*, p. 5. She states "I want the

correct defendants to place on the Summon[s], Complaint, and Cover Sheet.  This is why I am

requesting the amendment."  Id.

The Federal Rules of Civil Procedure provide that a motion must "state the relief sought"

and "state with particularity the grounds for seeking the order."  Fed.R.Civ.P. 7(b).  The First

Motion is incomprehensible and fails to specify either any grounds for relief or the precise nature

of the relief sought.  The First Motion is DENIED.

The Second Motion states:

> I, Linda Joyce Holbert, am asking for a motion requesting the
> submission of a corrected copy of motion for extension of time to
> serve for the reasons listed below:
>
> 1.  I did not state the time I needed to serve the Summon[s] and
> Complaint.
>
> 2.  I need to find out the correct address to send the Summon[s]
> and Complaint to.

It appears that the plaintiff is requesting permission to file a corrected copy of the First

Motion.  The Second Motion is unnecessary.  The plaintiff may submit a corrected motion

without seeking leave of court.  The Second Motion is GRANTED, but the plaintiff is cautioned

to cease filing unnecessary motions.

The Third Motion is a reiteration of the First Motion, but the plaintiff includes a request

for an extension of fifteen days to serve First Transit, Inc.  The plaintiff states that she "want[s]

more time to call and find out the correct address to send the summon[s] and complaint to."

It appears that the plaintiff's attempts at service are not in compliance with Rule 4, Fed.

R. Civ. P., which provides that a corporation must be served "by delivering a copy of the

summons and of the complaint to an officer, a managing or general agent, or any other agent

authorized by appointment or by law to receive service of process and--if the agent is one

authorized by statute and the statute so requires--by also mailing a copy of each to the

defendant" or by "following state law for serving a summons in an action brought in courts of

general jurisdiction in the state where the district court is located or where service is made."

Fed. R. Civ. P. 4(h)(1).  The Colorado Rules of Civil Procedure provide for service of a

corporation  by "delivering a copy thereof to the registered agent for service as set forth in the

most recently filed document in the records of the secretary of this state."  Colo. R. Civ. P.

4(e)(4).  Responsibility for obtaining a correct address and timely and properly serving the

defendant lies with the plaintiff.

In addition, the Federal Rules of Civil Procedure require that a plaintiff serve the

defendant within 120 days after filing the Complaint:

> If a defendant is not served within 120 days after the complaint is
> filed, the court--on motion or on its own after notice to the
> plaintiff--must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

The 120 days for service provided in Rule 4(m) expired on May 22, 2012.  Accordingly,

IT IS ORDERED:

1.  The First Motion is DENIED;

2.  The Second and Third Motions are GRANTED;

3.   All future motions shall comply with Rule 7, Fed. R. Civ. P.;

4.   The plaintiff shall cease filing unnecessary motions; and

5.   On or before **June 29, 2012**, the plaintiff shall file proof of service of process on

defendant First Transit, Inc.  Fed. R. Civ. P. 4(h), (l), and (m).  Failure to file proof of service on

or before June 29, 2012, may result in dismissal without prejudice of defendant First Transit, Inc.

Dated June 14, 2012.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge