IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 12-cv-00174-MSK-BNB

LINDA JOYCE HOLBERT,

Plaintiff,

v.

THE CITY OF COLORADO SPRINGS,
FIRST TRANSIT, INC., and
JOHN DOE,

Defendants.

_____

**ORDER**
_____

This matter arises on the following papers (the "Papers") filed by the plaintiff:

1. **Motion Requesting a Judgement by Default Be Entered Against John Doe Defendant** [Doc. #31];

2. **Motion Requesting a Judgement by Default Be Entered Against First Transit, Inc. Defendant** [Doc. #34];

3. **Motion Requesting the Defendant's Motion to Withdraw Refence** [sic] **of Legal Argument be Denied** [Doc. #37];

4. **Motion for Default Judgement** (against John Doe) [Doc. #39];

5. **Motion for Default Judgement** (against First Transit, Inc.) [Doc. #40];

6. **Motion for Default Judgement** (against the City of Colorado Springs) [Doc. #42];

7. **Motion for Default Judgement** (against John Doe) [Doc. #43];

  8. **Application for Entry of Default and Supporting Affidavit** (against the City of Colorado) [Doc. #44];

  9. **Application for Entry of Default and Supporting Affidavit** (against John Doe) [Doc. #45];

  10. **Application for Entry of Default and Supporting Affidavit** (against First Transit, Inc.) [Doc. #46];

  11. **Default Judgement** (against John Doe) [Doc. #47];

  12. **Default Judgement** (against the City of Colorado Springs) [Doc. #48];

  13. **Default Judgement** (against First Transit, Inc.) [Doc. #49];

  14. **Default Judgement** (against John Doe) [Doc. #56];

  15. **Default Judgement** (against First Transit, Inc.) [Doc. #57];

  16. **Entry of Default** (against First Transit) [Doc. #58];

  17. **Entry of Default** (against John Doe) [Doc. #59];

  18. **Entry of Default** (against John Doe) [Doc. #60];

  19. **Entry of Default** (against the City of Colorado Springs) [Doc. #61];

  20. **Application for Entry of Default and Supporting Affidavit** (against the City of Colorado Springs) [Doc. #62]; and

  21. **Entry of Default** (against John Doe) [Doc. #64].

All of the Papers are STRICKEN.

The Papers are improper for many reasons. On June 14, 2012, I entered and Order [Doc. #30] striking several of the plaintiff's motions. In doing so, I stated:

> Copies of papers filed in this court must be served on counsel for
> all other parties (or directly on any party acting *pro se*) in

> compliance with Fed. R. Civ. P. 5. Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party. Fed. R. Civ. P. 5(a). "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ." Fed. R. Civ. P. 5(b). Service upon other parties may be by mail. <u>Id.</u> Proof that service has been made is provided by a certificate of service. <u>Id.</u> at 5(d). This certificate should be filed along with the original papers and should show the day and manner of service. <u>Id.</u>

Despite my clear directive to serve counsel for defendants and to certify service, with the exception of Documents #44 and #62, the plaintiff certifies that she "faxed" the Papers to this court for service on the defendants. The plaintiff has failed certify proper service of the Papers on the defendants in compliance with Rule 5, Fed.R.Civ.P., and my order.

In addition, I have admonished the plaintiff that "[r]edundant motions are a waste of the court's time and resources," and I have ordered her to cease filing redundant and unnecessary motions [Docs. #29 and #30]. The plaintiff's multiple requests for entry of default and default judgment are redundant and unnecessary. A request for entry of default and default judgment for one or more defendants can easily be made in one motion.[1]

Moreover, the plaintiff's requests for default judgment against defendant John Doe is frivolous. She has not identified John Doe, nor has she provided any proof of service on John Doe.[2] Until a defendant is properly identified and served, a defendant has no duty to answer or otherwise respond to a complaint. <u>See</u> Fed.R.Civ.P. 12(a)(1)(A) (defendant must serve answer "within 20 days after being served with the summons and complaint"). Because defendant John

---

[1] The Clerk of the Court has informed the plaintiff that it will not enter default for any of the defendants [Docs. #26, #33, #35]. I caution the plaintiff that any future motions for entry of default and for default judgment may be found frivolous.

[2] The plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

3

Doe does not have a duty to plead until he is properly identified and served, entry of default judgment against him prior to service is improper. See Fed.R.Civ.P. 55(a) (clerk shall enter default when party against whom judgment is sought has failed to plead).

I find that the plaintiff is engaged in abusive litigation conduct.[3]  She was previously cautioned against filing redundant and unnecessary motions [Doc. #35].  As the Tenth Circuit Court of Appeals has made clear:

> [T]he right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.  No one, rich or poor, is entitled to abuse the judicial system.

Tripati v. Beaman, 878 F.2d 351, 353 (10th Cir. 1989).

The plaintiff's failure to comply with the rules and my order regarding service, as well as her frivolous and redundant filings, are unnecessarily burdening the court.  Consequently, the plaintiff shall cease making inappropriate filings.

IT IS ORDERED:

1.  The Papers are STRICKEN;

2.  The plaintiff shall cease filing frivolous, unnecessary, and redundant papers;

3.  All future papers shall be served on the defendants in accordance with Rule 5 and my orders; and

3.  Failure to comply with the Federal Rules of Civil Procedure and my orders will result in sanctions, including dismissal of this action with prejudice.

---

[3] I am aware that the plaintiff is proceeding *pro se*, and I must liberally construe her pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

Dated July 9, 2012.

                                          BY THE COURT:

                                          s/ Boyd N. Boland
                                          United States Magistrate Judge