**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 12-cv-00174-MSK-BNB

**LINDA JOYCE HOLBERT,**

       **Plaintiff,**

v.

**CITY OF COLORADO SPRINGS;
FIRST TRANSIT, INC.; and
JOHN DOE,**

       **Defendants.**

_____

**OPINION AND ORDER GRANTING MOTION TO DISMISS**
_____

       **THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss (# 5),[1] to which the *pro se*[2] Plaintiff filed no specific response.[3]

---

    [1]The Court previously referred (# 7) the motion to Magistrate Judge Boland for a recommendation. By this Order, the Court withdraws that reference.

    [2]In considering the Plaintiff's filings, the Court is mindful of her *pro se* status, and accordingly, reads her pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in her use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat her according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

    [3]Several months after the Defendants' motion was filed, the Plaintiff filed several "motions" (# 74, 90) that, among other things, stated that she was never properly served with a copy of the Defendants' motion, and only discovered it when making copies of the complete court file. Assuming, without necessarily finding, that the Plaintiff did not promptly receive

According to the Plaintiff's *pro se* Complaint **(# 1)**, on January 23, 2009, she was riding a public bus, operated by Defendant First Transit, Inc. as "an agent and/or employee of the City of Colorado Springs." She alleges that when she went to exit the bus, the bus door slammed shut on her several times, causing her to suffer physical injuries. The Plaintiff does not clearly identify the legal theory upon which her claim(s) rest, but it appears to the Court that the most applicable claim under the facts appears to be one for negligence by the bus driver in his operation of the doors, and a claim that First Transit and the City of Colorado Springs are vicariously liable for such negligence.

The Defendants move **(# 5)** to dismiss the Plaintiff's claim(s) on several grounds, but the Court need only address one of them – that this Court lacks subject-matter jurisdiction over the claim(s).

Federal courts are of limited jurisdiction, possessing the power to adjudicate only those matters that fall within Congress' grant of specific subject-matter jurisdiction. 28 U.S.C. § 1331-1369. The Plaintiff's Complaint contends that this Court's jurisdiction arises under 28 U.S.C. § 1331, which grants the Court jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." Thus, to properly invoke such jurisdiction, the Plaintiff must assert a claim or claims for which "federal law creates the cause of action or [show that her] right to relief necessarily depends on resolution of a substantial question of state law." *Nicodemus v. Union Pacific Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006). It is axiomatic that claims of

---

notice of the Defendants' motion, the Plaintiff's own statements make clear that she has been aware of that motion since at least early July 2012 and has yet to file a substantive response. In the interests of ensuring that the Plaintiff is fully heard on the matter, the Court has reviewed and considered all of the Plaintiff's filings in this action to the extent they bear on the issues raised in the motion.

negligence are claims arising under state, not federal, law.[4]  Accordingly, the Court finds that the Plaintiff has failed to allege any claim (or otherwise describe facts upon which the Court could conceive of a claim) sufficient to support federal jurisdiction under 28 U.S.C. § 1331.

The Complaint alleges no other facts upon which the Court might contemplate alternative theories of subject-matter jurisdiction.  It does not, for example, allege the citizenship of Defendant First Transit, such that the Court could entertain the possibility of subject-matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332.  Accordingly, the Court concludes that it lacks subject-matter jurisdiction over this action.

For the foregoing reasons, the Defendants' Motion to Dismiss **(# 5)** is **GRANTED**, and the Complaint **(# 1)** is **DISMISSED** for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).  The Court having no jurisdiction over this matter, the Clerk of the Court is directed to close this case.

Dated this 17th day of August, 2012

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[4] Admittedly, there is an extremely limited body of "federal common law," *O'Melveny & Meyers, v. FDIC*, 512 U.S. 79, 87-88 (1994) (recognizing federal common law arising where there is "significant conflict between some federal policy or interest and the use of state law"), but the Court is aware of no interpretation of that body of law that would arguably apply to the situation presented here.